WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Thomas Michael Pierce,

    Plaintiff,

v.

Subolt Shroff, et al.,

    Defendants.

No. CV-15-0037-PHX-SRB (DKD)

**ORDER**

    This Order addresses the pending motions which relate to the discovery and case management issues which were the subject of several status conferences over the last six months. After this extensive engagement and review of the discovery produced, the Court is now satisfied that Plaintiff received the discovery to which he was entitled. In particular this Order addresses Plaintiff's Motion to Produce Additional Specific Documents (Doc. 218); Motion to Compel Discovery (Doc. 224); Motion to Reopen Discovery (Doc. 234); Motion to Suspend Summary Judgment (Doc. 265); Motion for Extension of Time to Complete Discovery (Doc. 266); Motion for Sanctions (Doc. 291); Motion for Extension of Time to Complete Discovery (Doc. 306); Motion for Leave to File Excess Pages for Additional Facts and Information (Doc 315); Motion of Summary of Discovery and Motion to Produce Supporting Information (Doc. 323); Motion to Produce All E-Mail Electronic Records (Doc. 324); Defendants' Notice of Compliance with Order (Doc. 326); Motion for Reconsideration and Clarification of Order (Doc. 327); Request to File Motion to Supplement Summary Judgment Responses (3) Due to

New Evidence and Recent Information Disclosed by Defendants in Discovery (Doc. 330); and Motion for Court Order for Disclosure of Criteria Documents, Sanctions and Other Relief (Doc. 339).

Plaintiff's discovery motions addressed two principal issues. First, Plaintiff sought Corizon documents which Plaintiff believed would be probative of the standard of care he was required to receive. The Court allowed significant discovery into this issue and required Defendants to produce discoverable documents directly to Plaintiff and to produce some for *in camera* review. The Court's *in camera* review resulted in further orders requiring production to Plaintiff. With respect to a category of documents which Plaintiff sought but Defendant's counsel could not locate, the Court pressed Defendants' counsel to make further efforts. In some cases this resulted in the production of additional documents but in other cases Defendants' counsel reported that no such documents could be found. To the extent that Defendants state that they do not possess requested documents, there is nothing more for the Court to do at the discovery stage. This comment is without prejudice to any further assertion of a spoliation claim; however there has been no obvious spoliation apparent before the undersigned. The second class of documents concerned Plaintiff's view that documents must exist supporting an investigation of an incident between him and Defendant Shroff. The Court addressed this incident and the existence of documents and Defendants maintain there are none. *See* Doc. 331 and Defendants' Counsel's representations on the record. Thus this issue must be considered addressed.

Plaintiff summarized his view of the outstanding discovery issues in his document "Motion of Summary of Discovery Documents" (Doc. 323) and Defendant's presented their view in a responding document (Doc. 328). The Court addressed these respective views in its telephonic status conferences and directed that additional documents be reviewed and produced. One Order engendered Defendants' motion for reconsideration in which Defendants argued that some of the discovery Plaintiff sought was outside of the time frames and issues presented in the Second Amended Complaint (Doc. 327). Upon

further review of the entire discovery context in this case the Court can fairly conclude that Plaintiff has received the discovery to which he is entitled. Moreover, the Court's review of the nature of the discovery produced demonstrates that no further extension of time is warranted for either discovery or briefing on the pending dispositive motions. The first category of documents – those which Plaintiff thought might show what Corizon was required to do – do not accomplish the task he desires. The documents all contain guidance which is, as Defendants correctly contend, general, and is always subject to the individualized assessment and decision making of the treating providers. Whether this treatment violates Plaintiff's constitutional rights cannot be determined by any "criteria" document as no document the Court has seen creates any such "but for" conclusion. An Eighth Amendment claim necessarily turns on the individual circumstances of an inmate's care not whether a provider has followed its general criteria. Because these documents cannot on their face and on their own accord create a genuine issue of material fact, they cannot be the basis for an extension of briefing.

Overall, the Court's review of the additional discovery produced demonstrates no good cause for Plaintiff's "Request to File Motion to Supplement Summary Judgment Responses (3) Due to New Evidence and Recent Information Disclosed by Defendants in Discovery" (Doc. 330).

Plaintiff's most recent September 14, 2007 Motion for Court Order for Disclosure of Criteria Documents, Sanctions and Other Relief (Doc. 339) does not demonstrate the existence of determinative written criteria governing his treatment. In light of the Court's inquiries, and based upon the material submitted in the most recent motion, there is no reason to believe that Plaintiff has not received the discovery to which he is entitled.

Accordingly,

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion to Produce Additional Specific Documents (Doc. 218).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Compel Discovery (Doc. 224).

**IT IS FURTHER ORDERED** denying Motion to Reopen Discovery (Doc. 234).

**IT IF FURTHER ORDERED** denying Plaintiff's Motion to Suspend Summary Judgment (Doc. 265).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Extension of Time to Complete Discovery (Doc. 266).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Sanctions (Doc. 291).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Extension of Time to Complete Discovery (Doc. 306).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Leave to File Excess Pages for Additional Facts and Information (Doc 315).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion of Summary of Discovery and Motion to Produce Supporting Information (Doc. 323).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Produce All E-Mail Electronic Records (Doc. 324).

**IT IS FURTHER ORDERED** granting in part and denying in part Defendants' Notice of Compliance with Order (Doc. 326), and Motion for Reconsideration and Clarification of Order (Doc. 327).

**IT IS FURTHER ORDERED** denying Plaintiff's Request to File Motion to Supplement Summary Judgment Responses (3) Due to New Evidence and Recent Information Disclosed by Defendants in Discovery (Doc. 330).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Court Order for Disclosure of Criteria Documents, Sanctions and Other Relief (Doc. 339).

Dated this 19th day of September, 2017.

_____
David K. Duncan
United States Magistrate Judge